**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| AMIR AHMAD BAKHTIARY DAVIJANI,<br>Plaintiff,<br>v.<br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES (USCIS), et al.,<br>Defendants. | Case No. 5:25-cv-07166-BLF<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR CASE-MANAGEMENT RELIEF AND REMANDING TO USCIS WITH INSTRUCTIONS**<br><br>[Re: ECF No. 14] |

Before the Court is pro se Plaintiff Amir Davijani's motion for case-management relief pursuant to 8 U.S.C. § 1447(b). ECF No. 14 ("Mot."); *see also* ECF No. 21 ("Reply"). The Government opposes the motion and has filed a cross-motion to remand the case to USCIS for adjudication of Plaintiff's naturalization application. ECF No. 20 ("Opp.").

For the reasons described below, the Court DENIES Plaintiff's motion for case-management relief and GRANTS the Government's motion for remand.

**I.    Background**

Plaintiff has been a lawful permanent resident in the United States since December 2018. ECF No. 1 ("Compl.") ¶ 12. Plaintiff filed a Form N-400, Application for Naturalization, with USCIS on October 14, 2023. *Id.* On April 19, 2024, USCIS interviewed Plaintiff in connection with his eligibility for naturalization. *Id.* ¶ 13. Plaintiff's Form N-400 application remains pending.

On August 25, 2025, Plaintiff filed the instant action pursuant to 8 U.S.C. § 1447(b), requesting the Court review his naturalization application de novo or, in the alternative, remand the matter to USCIS with instructions to adjudicate the application within thirty days. *Id.* at 5. On September 19, 2025, Plaintiff filed the instant motion, requesting that the Court issue an order

providing various forms of relief including requiring the Government to file a sworn declaration specifying information about his case and to provide rolling status updates. Mot. at 5–6. On October 10, 2025, the Government filed an opposition and cross-filed a motion to remand the proceedings to USCIS for 45 days.

## II.     Legal Standard

Section 1447(b) provides that, if USCIS fails to adjudicate the Form N-400 application within 120 days of the initial interview, the applicant may seek a de novo hearing in federal district court. 8 U.S.C. § 1447(b). The district court has exclusive jurisdiction over the applicant's complaint and "may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter." *Id.* Once a district court action has been filed, USCIS cannot complete adjudication of the application until and unless the Court remands the matter to the agency. *United States v. Hovsepian*, 359 F.3d 1144, 1160–64 (9th Cir. 2004) (en banc). The decision whether to remand is within the Court's discretion. *Id.* at 1161. However, once remanded, the agency has sole discretion to grant or deny the naturalization application. 8 U.S.C. § 1447(b).

## III.    Discussion

The Court agrees with the Government that section 1447(b) does not require USCIS to provide Plaintiff with the relief he requests in his motion. The Court further finds that the most suitable resolution of this action is to remand the matter to USCIS for expedited adjudication, as the Government has indicated that it is able to adjudicate Plaintiff's application within 45 days. The Court finds that remand promotes judicial economy by preserving judicial resources, enables the USCIS to apply its agency expertise in adjudicating the matter, and vindicates Plaintiff's interest in prompt resolution of his Form N-400 application. In doing so, the Court joins the majority of district courts in this Circuit that have declined to adjudicate the matter in favor of remand to USCIS. *See, e.g.*, *Koltsov v. Martin*, No. 18-cv-535, 2018 WL 6074575, at *3 (C.D. Cal. July 16, 2018) (collecting cases); *Reddy v. Mueller*, 551 F. Supp. 2d 952, 953 (N.D. Cal. 2008).

## IV.    Order

For the foregoing reasons, IT IS HEREBY ORDERED THAT:

(1) Plaintiff's motion for case relief is DENIED. The Government's cross-motion to remand to USCIS is GRANTED.

(2) USCIS SHALL adjudicate Plaintiff's application for naturalization within 45 days of the date of this order.

(3) The Parties SHALL file a joint status report regarding the status of Plaintiff's naturalization within seven days of USCIS's final decision.

(4) Plaintiff may reopen this case if the administrative adjudication of his naturalization application is not completed within 45 days of the date of this order.

Dated: October 17, 2025

_____
BETH LABSON FREEMAN
United States District Judge

3