United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| AMIR AHMAD BAKHTIARY DAVIJANI, | Case No.  5:25-cv-07166-BLF |
| Plaintiff, | |
| v. | **ORDER GRANTING PETITION TO COMPEL ADJUDICATION OF N-400 NATURALIZATION APPLICATION AND REMANDING TO USCIS WITH INSTRUCTIONS TO NATURALIZE PETITIONER BY MARCH 20, 2026** |
| UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES (USCIS), et al., | |
| Defendants. | |

Plaintiff Amir Ahmad Bakhtiary Davijani initiated this action on August 25, 2025, pursuant to 8 U.S.C. § 1447(b) to compel adjudication of his Form N-400 Application for Naturalization after Defendants United States Citizenship and Immigration Services ("USCIS") Pam Bondi, Kristi Noem, and Joseph Edlow (collectively, "Defendants") failed to adjudicate his naturalization application within 120 days after the date of his April 19, 2024, initial interview. ECF No. 1 ("Pet.").  The Court held an evidentiary hearing on March 5, 2026, and issued an oral order granting Dr. Davijani's request for relief . ECF No. 43.  For the reasons stated on the record and summarized below, the Court GRANTS Dr. Davijani's request for relief.  The case is REMANDED to USCIS with INSTRUCTIONS to administer Dr. Davijani's naturalization ceremony by no later than March 20, 2026.

I.   **BACKGROUND**

A.  **Factual Background**

Dr. Davijani is a citizen of Iran who came to the United States in 2012 as a PhD student at the Georgia Institute of Technology in 2012.  ECF No. 21-3 ¶¶ 1–3.  His wife Atefehsadat Eftekhari is a naturalized citizen of the United States.  During Ms. Eftekhari's nursing studies,

Dr. Davijani supported Ms. Eftekhari emotionally, financially, and academically, allowing her to focus on her studies and become a registered nurse. *See* ECF No. 21-7 ¶¶2–4. Since receiving his PhD, Dr. Davijani has worked in California as a materials engineer in numerous capacities. *See* ECF No. 21-4 ¶¶ 1–2, ECF No. 21-5 ¶ 1, ECF No. 21-6 ¶¶ 1–2.

On March 3, 2026, the Parties stipulated to the following facts. *See* ECF No. 42. Dr. Davijani is a citizen of Iran and legally entered the United States in 2012. *Id.* 42 ¶¶ 1–2. He has resided continuously in the United States as a lawful permanent resident since December 11, 2018. *Id.* ¶¶ 3–4. He filed his naturalization application on October 14, 2023, and passed the English test and United States Government test conducted by USCIS on April 19, 2024. *Id.* ¶¶ 7–9. He paid federal taxes in 2018, 2019, 2020, 2021, 2022, 2023, and 2024. *Id.* ¶ 10.

**B. Procedural Background**

USCIS conducted Dr. Davijani's initial naturalization interview on April 19, 2024. Pet. Ex. C. Dr. Davijani initiated this action by filing a pro se complaint pursuant to 8 U.S.C. § 1447(b) on August 25, 2025, after USCIS failed to adjudicate his naturalization application within the statutory 120-day period. *See* ECF No. 1. This was despite his repeated attempts to obtain a decision, including inquiring with elected officials and exhausting all administrative remedies. *See* Pet. Exs. D, E, F. Since initiating this action, Dr. Davijani has retained counsel.

Defendants have exhibited a remarkable proclivity for delay since the day Dr. Davijani filed his complaint. On October 3, 2025 (the eve of their deadline to respond to Dr. Davijani's administrative motion for case relief, *see* ECF No. 14), Defendants moved to indefinitely stay this action due to the government shutdown, *see* ECF No. 18, which the Court denied. ECF No. 19. On October 17, 2025, the Court granted Defendants' motion to remand to USCIS with instructions to adjudicate Dr. Davijani's application by December 1, 2025. ECF No. 22.

The Court approved the Parties' stipulation for a one-week extension on December 2, 2025. ECF No. 24. After Defendants failed to act on Dr. Davijani's naturalization application despite this extension, the Court granted Dr. Davijani's motion to resume jurisdiction and ordered Defendants to show cause why the Court should not adjudicate the application on December 11, 2025. ECF No. 26. In Defendants' response to the show-cause order, Defendants requested an

additional 90-day stay, citing the Government's issuance of a Policy Memorandum that directed a hold and review of certain benefits applications from Iranian nationals (despite the policy memorandum being unrelated to Dr. Davijani's naturalization application).  ECF No. 28.

At the show-cause hearing held on January 22, 2026, the Parties indicated a willingness to file a factual stipulation and set a briefing schedule for a summary judgment motion.  ECF No. 34.  The Court ordered a status update by January 30, 2026.  ECF No. 33.  On January 30, 2026, after Defendants declined to stipulate to all but the most basic factual background in this matter, the Court set an evidentiary hearing for March 5, 2026.  ECF No. 36.  Prior to the hearing, the Parties filed a stipulation stating certain undisputed facts, *see supra*, and Defendants indicated that they would call James Burger as their single witness "for the sole purpose of authenticating the Certified Administrative Record."  ECF No. 42.

### C.  Evidentiary Hearing

At the evidentiary hearing, Dr. Davijani testified as to his life in the United States, including during his graduate studies in Georgia and as an engineer in California.  He testified as to his employment as a Senior Scientist at Beyond Meat, Inc. in Los Angeles and now as a Lead Scientist at Lyten in San Jose.  He called three additional witnesses, including Ms. Eftekhari. These three witnesses testified to Dr. Davijani's moral character, including his dedication to the surrounding community, respect for the rule of law, and deep appreciation for the history and traditions of the United States.

Defendants called Mr. Burger, who authenticated portions of the administrative record that the Court has admitted.  Defendants' sole argument was that Dr. Davijani failed to sustain his evidentiary burden of proving good moral character, *see infra*, because at his USCIS interview he answered "No" to the question "Do you have any family members that have been associated with the [Iran Revolutionary Guards Corps ("IRGC")."  Defendants introduced a portion of the administrative record showing that, in an approved visa application, Dr. Davijani's older brother disclosed that he served in the IRGC  from August 2011 to April 2012 during his mandatory service period.

Dr. Davijani (who obtained a medical exemption from military service and never served in

the Iranian military) testified that Iran's mandatory service for men is to one of two branches of the Iranian Armed Forces: either the Iran Army or the IRGC. He testified that, at the time of his naturalization interview, he did not know that his older brother's service had been in the IRGC. He explained that he is not close with his brother and that the two have barely spoken to one another since Dr. Davijani left Iran to attend graduate school in the Netherlands in 2010.

## II.    LEGAL STANDARD

A plaintiff seeking a naturalization order by a federal district court in an 8 U.S.C. § 1447(b) action bears the burden of demonstrating by a preponderance of evidence that he or she meets all the requirements for naturalization. 8 C.F.R. § 316.2(b) ("The applicant shall bear the burden of establishing by a preponderance of the evidence that he or she meets all of the requirements for naturalization, including that the applicant was lawfully admitted as a permanent resident to the United States, in accordance with the immigration laws in effect at the time of the applicant's initial entry or any subsequent reentry."); *see also Berenyi v. INS*, 385 U.S. 630, 637 (1967); *Khan v. Chertoff*, No. 08-cv-01448-RSM, 2009 WL 54236, at *2–3 (W.D. Wash. Jan. 6, 2009).

The relevant statutory provisions set forth five requirements for naturalization. First, the applicant must have been a lawful permanent resident for at least five years prior to the filing of his application and must meet certain residence and continuous physical presence requirements. 8 U.S.C. § 1427(a)–(c). Second, the applicant must be a person of good moral character. *Id.* § 1427(d). Third, the applicant must demonstrate an understanding and knowledge of the English language and the fundamentals of U.S. history and government. *Id.* § 1423(a). Fourth, the applicant must not be opposed to organized government or otherwise be involved in any group affiliated with communism or a group advocating the overthrow of government by unconstitutional means. *Id.* § 1424(a). Fifth, the applicant must not have deserted the U.S. armed forces or applied for exemption or discharge from the U.S. armed forces on the grounds of alienage. *Id.* §§ 1425–1426.

## III.    DISCUSSION

In the instant case, the Court has no trouble in concluding that Dr. Davijani has met his

United States District Court
Northern District of California

burden of proving that he meets the statutory requirements for naturalization by a preponderance of the evidence. Dr. Davijani has been a lawful permanent resident of the United States since December 11, 2018. The Parties have stipulated that he was thirty-five years old at the time of filing for naturalization, was physically present in the United States for fifty-seven months from December 11, 2018, to October 14, 2023, and resided in the State of California for eighty-five months prior to filing his naturalization application. ECF No. 42 ¶¶ 5–7. He passed the English and civics tests at his naturalization interview, has sworn attachment to the U.S. Constitution, and has stated under penalty of perjury that he supports the U.S. government and does not support totalitarian governments. He has never served in the U.S. armed forces, nor has applied for exemption from service. In addition, he has no criminal history.

None of the foregoing is contested. As explained above, Defendants' sole argument for why the Court should not grant Dr. Davijani the relief he requests is that he has failed to demonstrate by a preponderance of evidence that he possesses good moral character. According to Defendants, it is implausible that Dr. Davijani would not have known that his older brother served in the IRGC because military service in Iran is mandatory for all men. The Court disagrees because it finds Dr. Davijani's testimony credible that he sincerely did not know that his brother's military service was in the IRGC at the time of his naturalization interview and because there is no indication that his misstatement was made with the subjective intent to obtain an immigration benefit. *Cf. Kungys v. United States*, 485 U.S. 759, 779 (1988).

The Court has considered Dr. Davijani's testimony and finds his explanation for the apparent inconsistency regarding his older brother's IRGC service credible. As the Court explained at the hearing, it is true that Dr. Davijani's response during his naturalization interview on this issue was *factually* incorrect, as any first-year law student knows, however, making a factually incorrect assertion is not the same thing as knowingly or intentionally misrepresenting a fact. *See United States v. Hovsepian*, 422 F.3d 883, 887–88 (9th Cir. 2005) (en banc) (explaining that requisite subjective intent is not found when false testimony resulted from "faulty memory, misinterpretation of a question, or innocent mistake"); *see also Morales v. Limon*, No. 19-cv-00319, 2020 WL 4463094, at *14 (S.D. Tex. Aug. 4, 2020) (finding that plaintiff satisfied all

eligibility requirements for naturalization where factual misstatement was not made "with the intent of providing false testimony in order to obtain a naturalization benefit"); *Atalla v. Kramer*, No. 09-cv-01610-PHX-NVW, 2011 WL 2457492, at \*16 (D. Ariz. June 20, 2011), *aff'd sub nom.*, *Atalla v. USCIS*, 541 F. App'x 760 (9th Cir. 2013) (explaining that plaintiff met burden to show good character because misstatements were "not made with the subjective intent to deceive for the purpose of obtaining immigration benefits").  Dr. Davijani credibly testified that he has had very little communication with his brother, that he had no reason to believe that his brother served in the IRGC (as opposed to the Iran Army), and that he does not support the IRGC.  There is no indication before the Court that even could plausibly suggest that Dr. Davijani knowingly or intentionally misrepresented his brother's IRGC service during the naturalization interview.

The Court thus turns to comparing Dr. Davijani "to the 'standards of the average citizen in the community of residence' in making the good character determination." *Morales*, 2020 WL 4463094, at \*15 (quoting 8 C.F.R. § 316.10(a)(2)).  Dr. Davijani has shown by a preponderance of evidence that he possess good moral character.  At the evidentiary hearing, three witnesses stated under oath that in their opinion, Dr. Davijani possesses excellent moral character and that he is an enthusiastic member of his community and regularly engages in acts of community service.  Dr. Davijani also has submitted numerous sworn declarations from members of the community stating that he possesses good moral character.  *See* ECF No. 21.  *See Yaqub v. Gonzales*, No. 05-cv-00170, 2006 WL 1582440, at \*5 (S.D. Ohio June 6, 2006) ("[Plaintiff's] successful educational and employment endeavors, his future employment prospects, and his positive community contributions show he 'has been and still is a person of good moral character' within the meaning of the statute.").

The Court has carefully reviewed the Parties' submissions, the evidence in the record, the testimony at the March 6, 2026, evidentiary hearing, and the portions of the administrative record furnished by Defendants and authenticated through their documentary witness.  The Court finds that Dr. Davijani has met his burden of proving by a preponderance of the evidence that he satisfies the enumerated criteria for naturalization.  Accordingly, the Court GRANTS Dr. Davijani's naturalization application.  *See Morales*, 2020 WL 4463094, at \*15; *Khan*,

United States District Court
Northern District of California

6

2009 WL 54236, at *3. The Court will remand this case to USCIS with instructions to naturalize Dr. Davijani. If Defendants fail to comply with this order, Dr. Davijani may reopen this case and schedule a hearing before this Court to administer the naturalization oath.

## IV.    ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

(1) Dr. Davijani's request for relief is GRANTED. Dr. Davijani is eligible for naturalization and his application for that benefit is hereby APPROVED.

(2) The Court REMANDS the case to USCIS solely for the purpose of naturalizing Dr. Davijani within fourteen days of the date of this order. USCIS shall schedule an oath ceremony for Dr. Davijani as soon as possible, and shall issue a Certificate of Naturalization to Dr. Davijani that same day.

(3) The Parties SHALL file a status update once Dr. Davijani has been naturalized. If Dr. Davijani has not been naturalized by March 20, 2026, he may reopen this case and set a date to appear before this Court for naturalization. In that event, the Court will order Defendants to appear before the undersigned to furnish all required documentation during the ceremony.

Dated:  March 6, 2026

_____
BETH LABSON FREEMAN
United States District Judge

United States District Court
Northern District of California